**DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| **MICHAEL W. FOSTER,** )<br>)<br>)<br>**Petitioner,** )<br>v. )<br>)<br>**VIRGIN ISLANDS BUREAU OF INTERNAL** )<br>**REVENUE,** )<br>)<br>)<br>**Respondent.** )<br>_____) | **Civil Action No. 2013-0089** |

**Attorneys:**
**Michael W. Foster,** *pro se*
St. Croix, U.S.V.I.
    *For the Petitioner*

**Raymond T. James, Esq.,**
St. Croix, U.S.V.I.
    *For the Respondent*

**MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Respondent Virgin Islands Bureau of Internal Revenue's Motion to Dismiss (Dkt. No. 9), and Petitioner Michael W. Foster's Opposition thereto (Dkt. No. 12). For the reasons that follow, the Court will deny Respondent's Motion to Dismiss, and will afford Petitioner an additional 30 days within which to amend his petition to name the proper respondent and perfect service of process.

**I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

By letter dated May 14, 2013, Respondent, the Virgin Islands Bureau of Internal Revenue ("Respondent"), sent a notice of income tax deficiency to Petitioner, Michael W. Foster

("Petitioner"), for the 2003 – 2008 tax years (the "Notice"). (Dkt. No. 1-1).[1] In the Notice, Respondent advised Petitioner that if he wanted to contest the deficiency determination in court—before making payment—he had 90 days from the date of the letter to file a petition for re-determination with the District Court of the Virgin Islands, and that the District Court—by law—cannot consider an untimely petition for re-determination. (*See id*. at 1).

Petitioner, proceeding *pro se*, instituted the instant action against Respondent by timely filing a "Petition for Re-Determination,"[2] wherein he alleged that "a reasonable allowance was not made for expenses," and requested "additional information from [Respondent] as to how their figures were calculated." (Dkt. No. 1). On August 28, 2013, this Court issued an Order advising Petitioner of his failure to pay the requisite District Court filing fee. (Dkt. No. 2). The Order directed Petitioner to pay the mandatory $400.00 filing fee by September 6, 2013, and warned that "failure to pay the filing fee or seek leave to proceed [*in forma pauperis*] pursuant to 28 U.S.C. § 1915 by [] September 6, 2013 may result in dismissal of this matter." (*Id*. at 3).[3] The Order also advised that "[Petitioner] shall serve the summons upon Respondent as set forth in Federal Rules of Civil Procedure 4 and 5" and that "[Petitioner] shall conform to the pleading and motion requirements set forth in Local Rule of Civil Procedure 71A.1, Tax Court Rule 34, and the Federal Rules of Civil Procedure." (*Id*.).

---

[1] The Notice specifically stated that Petitioner owed $83,532.00 for calendar year 2003; $124,517.00 for calendar year 2004; $138,269.00 for calendar year 2005; $99,326.00 for calendar year 2006; $127,044.00 for calendar year 2007; and $117,403.00 for calendar year 2008. (*See* Dkt. No. 1-1 at 1).

[2] The record indicates that the "Petition for Re-Determination" was postmarked on August 12, 2013 and received by this Court on August 14, 2013. For some reason that is not apparent from the record, the petition was not docketed by the Court until August 21, 2013.

[3] Title 28 of the United States Code, Section 1914, provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . .," and that "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). The Judicial Conference of the United States has prescribed a $50.00 administrative fee for filing a civil action, suit or proceeding.

When the September 6, 2013 deadline passed without payment by Petitioner of the $400.00 filing fee or a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, this Court issued an Order on September 11, 2013 dismissing this action without prejudice with leave to reopen for "good cause" shown by September 23, 2013. (Dkt. No. 4).[4] On September 20, 2013, Petitioner filed a "Request to Reopen Petition to Review," along with the $400.00 filing fee. (Dkt. No. 6). In his filing, Petitioner requested that this Court reopen his case based on the following circumstances: (1) the May 14, 2013 notice of deficiency letter from Respondent did not mention the $400.00 filing fee—it only mentioned the 90-day filing period; (2) the District Court Clerk's Office did not mention a deadline for payment of the filing fee;[5] and (3) Respondent had not yet provided additional information regarding their calculations, as requested. (*Id*.). Petitioner also questioned the merits of having to pay $400.00 "to force a government agency to release data." (*Id*.).

By Order entered on October 1, 2013, this Court granted Petitioner's "Request to Reopen Petition to Review" and reopened the case. (Dkt. No. 7). Later that same day, Respondent filed the instant Motion to Dismiss, in which it argues that this Court lacks subject matter jurisdiction because Petitioner did not establish good cause for his failure to timely pay the $400.00 filing fee; that Petitioner failed to name the proper party as respondent—that is, the Director of the Virgin Islands Bureau of Internal Revenue ("VIBIR"); and that Petitioner has provided insufficient process and insufficient service of process. (*See* Dkt. No. 9). Respondent moves for dismissal with prejudice. (*See id*.).

---

[4] The Order defined "good cause" as "'[a] legally sufficient reason,'" that "reflects 'the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused.'" (Dkt. No. 4 at 2 n.1) (quoting *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 351 (3d Cir. 2011); *Black's Law Dictionary* 251 (9th ed. 2009)).

[5] According to Petitioner, the District Court Clerk's Office called him on August 29, 2013 advising him of the $400.00 filing fee. (*See* Dkt. No. 6).

3

In response, Petitioner—without addressing the merits of Respondent's Motion to Dismiss—contends that this Court has already rejected Respondent's Motion to Dismiss; that he "filed the proper response [to the Court's September 11, 2013 Order] and paid [the] correct filing fee;" that Respondent's Motion to Dismiss "deal[s] with clerical matters rather than relevant issues in this case;" that he is "a three tour, disabled Vietnam veteran that doesn't feel he should have to take his government to task to receive pertinent information;" and that Respondent has not responded to his discovery requests. (Dkt. No. 12). Petitioner requests that this Court "issue SANCTIONS against the [RESPONDENT] to provide requested DISCOVERY in a timely manner." (*Id.*).

## II.   DISCUSSION

### A.  Request to Reconsider Prior Ruling

Respondent claims that this Court lacks subject matter jurisdiction to review the "Petition for Re-Determination" in this case because it had previously been dismissed and the 90-day window to file a petition for redetermination has passed. (*See* Dkt. No. 9-1 at 4). In essence, Respondent is requesting that this Court reconsider its prior ruling granting Petitioner's "Request to Reopen Petition to Review." In support of this request, Respondent contends that the reasons Petitioner set forth in his "Request to Reopen Petition to Review" do not constitute good cause and are therefore not legally sufficient reasons to excuse his failure to pay the $400.00 filing fee by the Court-ordered deadline. (*See id.*).

#### 1.  Applicable Legal Principles

"The purpose of a motion for reconsideration . . . 'is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, a motion for reconsideration must be based on at least one of

4

the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not [previously] available . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also* LRCi 7.3. Motions for reconsideration "are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene v. V.I. Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, at *4 (D.V.I. 2012) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004)).[6]

### 2. Analysis

In the instant case, Respondent is correct that on September 11, 2013 this Court dismissed the "Petition for Re-Determination" for failure to pay the requisite $400.00 filing fee within the Court-ordered deadline. However, the dismissal was without prejudice with leave to reopen for "good cause" shown. Within the time set forth in the September 11, 2013 Order, Petitioner filed with the Court the requisite $400.00 filing fee and a written explanation as to why the filing fee was not paid on time. The Court granted Petitioner's request to reopen and directed the Clerk of Court to reopen the case.

Respondent's request for reconsideration is based on the assertion that Petitioner did not show good cause. In effect, Respondent simply disagrees with the Court's determination that Petitioner's explanation was sufficient to warrant reopening the case. This is not a sufficient

---

[6] The law of the case doctrine also provides a court with "the power to revisit prior decisions of its own or of a coordinate court in any circumstance." *Lesende v. Borrero*, 752 F.3d 324, 339 (3d Cir. 2014) (quoting *In re Pharm. Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (internal quotation marks omitted)). But, as the Third Circuit has cautioned, "courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." *Id.*; *see also United States v. Isley*, 386 F. App'x 117, 121 (3d Cir. 2010) (stating that the law of the case doctrine "allows for reconsideration of an issue [only] when there exists new evidence, supervening law, or clear error that would create manifest injustice in the earlier decision") (citing *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998)).

basis for reconsideration. In the absence of a change in law, newly available evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice—none of which is demonstrated here—Respondent's request for reconsideration lacks merit. Accordingly, the Court will deny Respondent's request for this Court to reconsider its prior ruling.

### B. Failure to Name the Proper Respondent

Respondent next contends that Petitioner has failed to name the Director of the VIBIR as respondent in this case, as required by Local Rule of Civil Procedure 71A.1(a). (*See* Dkt. No. 9-1 at 4).

#### 1. Applicable Legal Principles

Local Rule of Civil Procedure 71A.1(a) provides, in relevant part, that "[a] proceeding to re-determine income tax liability pursuant to a notice of deficiency or notice of liability of any person shall be by petition naming the Director, Virgin Islands Bureau of Internal Revenue, as respondent." LRCi 71A.1(a).

#### 2. Analysis

The named respondent in this case is the VIBIR, not the Director of the VIBIR. Therefore, Petitioner has not named the proper respondent. The summons in this case—attached to Petitioner's "Request to Reopen Petition to Review"—indicates, however, that it was mailed to Claudette J. Watson-Anderson, the Director of the VIBIR, along with a letter also addressed to the Director. (*See* Dkt. Nos. 6-1; 6-2). Although it appears that Petitioner attempted to direct the instant litigation to the proper party—the Director of the VIBIR—he did not name the Director as respondent.

Petitioner has not sought leave of the Court to amend his petition in order to name the Director as respondent. However, the Court may grant such leave *sua sponte*. *See Feuerstein v. Simpson*, 582 F. App'x 93, 97 n.3 (3d Cir. 2014) (citing cases). Accordingly, under Federal Rule

of Civil Procedure 15(a)(2), the Court will grant Petitioner 30 days from the date of the accompanying Order to amend his petition to name the Director of the VIBIR as respondent. *See* FED. R. CIV. P. 15(a)(2) (stating that courts "should freely give leave when justice so requires.").

### C. Insufficient Process and Insufficient Service of Process

Respondent argues that this case should be dismissed under Federal Rules of Civil Procedure 12(b)(4) for insufficient process and 12(b)(5) for insufficient service of process. (*See* Dkt. No. 9-1 at 5). Specifically, Respondent alleges that the summons issued in this case was not signed by the Clerk of Court and did not bear the Court's seal, as required by Federal Rule of Civil Procedure 4(a)(1)(F)-(G). (*Id.*). Respondent also alleges that service of the summons was ineffective because it was served by mail, not hand-delivered, and sent by Petitioner, not a non-party, as required by Federal Rule of Civil Procedure 4(c)(2). (*Id.*).

### 1. Applicable Legal Principles

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a district court to dismiss an action for insufficient process and insufficient service of process. Under Rule 12(b)(4), a defendant may attack the substance and form of a summons; whereas, under Rule 12(b)(5), a defendant may attack the manner in which a summons and complaint were, or were not served. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 570 (3d Cir. 1996) (holding that "a summons not issued and signed by the Clerk with the seal of the court affixed thereto fails to confer personal jurisdiction over a defendant," and that "a summons . . . is not effective in conferring personal jurisdiction . . . if it is not served in accordance with Rule 4 of the Fed. R. Civ. P."). The party responsible for service bears the burden of proving sufficient service of process. *See Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) ("[T]he party asserting the validity of service bears the burden of proof on that issue.").

7

Federal Rule of Civil Procedure 4 governs both process and service of process. Rule 4(a)(1) provides that a valid summons must, *inter alia*, be signed by the Clerk of Court and bear the Court's seal. FED. R. CIV. P. 4(a)(1)(F)-(G). Rule 4(c) provides that a summons must be served with a copy of the complaint—or, in this case, the petition—within the time allowed by Rule 4(m), and must be served by any person who is at least 18 years old and not a party to the action. FED. R. CIV. P. 4(c)(1)-(2). Under Rule 4(m), a plaintiff or petitioner has 120 days after the complaint or petition is filed within which to effect service. FED. R. CIV. P. 4(m).

When the defendant—or, in this case, the respondent—is a state or local government, or a state-created governmental organization, like the VIBIR, service of process is accomplished by delivering "a copy of the summons and of the [petition] to [the governmental organization's] chief executive officer" or an alternative recipient if authorized by state or local law. FED. R. CIV. P. 4(j)(2).[7] Accordingly, when the Government of the Virgin Islands or an agency of the Government of the Virgin Islands is a named respondent, the Governor—as chief executive officer—must be served. *See Christopher v. Dir. of V.I. Bureau of Internal Revenue*, 2014 U.S. Dist. LEXIS 103120, at *7 (D.V.I. 2014) (stating that proper service in an income tax redetermination case requires service on the Governor and the Director of the VIBIR); *O'Neil v. Dir. of the V.I. Bureau of Internal Revenue*, 2014 U.S. Dist. LEXIS 4542 (D.V.I. 2014) (same); *United States Dep't of Agric. Rural Hous. Serv. v. Penn.*, 2009 U.S. Dist. LEXIS 30981, at *4-5 (D.V.I. 2009) (finding service on the Virgin Islands Housing Authority improper under Rule 4(j)(2) because there was no proof of service on the Governor).

---

[7] There is no alternative manner by which to effective service on a governmental organization under Virgin Islands territorial law. *See Fulton v. V.I. Bureau of Internal Revenue*, 2014 U.S. Dist. LEXIS 47328, at *3 (D.V.I. 2014) ("There is no alternate 'manner prescribed by [local] law' that may be used to serve the Virgin Islands Government."). Virgin Islands Superior Court Rule 27(b) mirrors the federal requirements, providing that "[t]he summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of Civil Procedure, provided, however . . . that all references to 'United States or any officer or agency of the United States' shall be read instead [as] 'Virgin Islands or any officer or agency of the Virgin Islands.'" V.I. SUPER. CT. R. 27(b).

As discussed above, Local Rule of Civil Procedure 71A.1 specifies that the Director of the VIBIR must be the named respondent in a proceeding to re-determine income tax liability. *See* LRCi 71A.1(a). Thus, proper service in an income tax re-determination action requires not only service on the Governor, but also service on the Director of the VIBIR. *See Christopher*, 2014 U.S. Dist. LEXIS 103120, at *7; *see also Jarvis v. Gov't of the V.I.*, 2009 U.S. Dist. LEXIS 11993, at *11 (finding petitioner had properly served the Governor of the Virgin Islands and the Director of the VIBIR pursuant to Rule 4(j)(2)).

In addition to setting forth the 120-day period for service of process, Rule 4(m) states that "if the plaintiff shows good cause for the failure [to timely serve the defendant], the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). "If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Generally, courts consider three factors in determining good cause: "(1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve." *Id.* (citing *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988)). "Half-hearted efforts" at service which fail to meet the standard and "disregard for . . . the 'technical niceties' of service of process" do not amount to good cause. *Ayres*, 99 F.3d at 568 (citing *Petrucelli*, 46 F.3d at 1307).

Even in the absence of a showing of good cause, a court has broad discretion to extend the time for service. *See Petrucelli*, 46 F.3d at 1305. In exercising this discretion, the Court looks to several factors, including: (1) actual notice of the legal action; (2) prejudice to the defendant; (3) the statute of limitations on the underlying cause of action; (4) the conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other additional factors that may be relevant. *See Chiang v. United States SBA*, 331 F. App'x 113, 116 (3d Cir. 2009). These factors are considered in light of the Third Circuit "preference that cases be disposed on the merits whenever practicable." *Anderson v. Mercer County Sheriff's Dep't*, 2014 U.S. Dist. LEXIS 71776, at *13 (D.N.J. 2014) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

### 2. Analysis

#### a. Sufficiency of Process

In the instant case, Petitioner attached to his "Request to Reopen Petition to Review" a copy of a summons, dated September 19, 2013 and addressed to Claudette J. Watson-Anderson, the Director of the VIBIR. (Dkt. No. 6-1). The summons does not contain the signature of the Clerk of Court or the Court's seal. (*See id*.). The Third Circuit has held that "[a] summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant." *Ayres*, 99 F.3d at 569 (citation omitted). Accordingly, the circumstances here indicate that there has been insufficient process under the Federal Rules of Civil Procedure.

#### b. Sufficiency of Service of Process

The summons attached to Petitioner's "Request to Reopen Petition to Review" contains a handwritten notation that it was sent by certified mail. As discussed above, service in this case must be effectuated by "delivering" a copy of the summons and petition to the Governor of the Virgin Islands and the Director of the VIBIR. *See* Fed. R. Civ. P. 4(j)(2). The word "delivering"

used in Rule 4 "has a meaning distinct from [the] use of [the words] 'registered or certified mail.'" *Fulton v. V.I. Bureau of Internal Revenue*, 2014 U.S. Dist. LEXIS 47328, at *3 (D.V.I. 2014) (citing FED. R. CIV. P. 4(i)). Under Rule 4, "[d]elivery requires use of a process server, not use of the United States Postal Service." *Id*. In this case, it appears from the record that the summons was served by certified mail and not hand-delivered. Thus, service of process was insufficient under the Federal Rules of Civil Procedure.

### c. Good Cause

In view of the findings, *supra*, this Court could properly dismiss this action under Rule 12(b)(4) for insufficient process and Rule 12(b)(5) for insufficient service of process. However, "[t]he Third Circuit has construed Rule 4(m) as requiring a court to extend time for service where the plaintiff demonstrates good cause." *Veal v. United States*, 84 F. App'x 253, 254 (3d Cir. 2004) (citing *McCurdy v. Amer. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998)). In his Opposition to the Motion to Dismiss, Petitioner does not directly address Respondent's arguments regarding process and service of process. Nor does he argue that there is good cause to extend the time for service. Instead, he states that Respondent "deal[s] with clerical matters rather than relevant issues in this case." (Dkt. No. 12 at 2).[8] Based on the foregoing, the Court finds that Petitioner has not demonstrated that there exists good cause to extend the time for service in this matter.

---

[8] The Court is aware that Petitioner appears in this action *pro se* and may be unfamiliar with the Federal Rules of Civil Procedure. However, *pro se* status does not excuse a litigant from complying with the Federal Rules of Civil Procedure. *See Sykes v. Blockbuster Video*, 205 F. App'x 961, 963 (3d Cir. 2006) (holding that a *pro se* plaintiff's "ignorance of the rules would not provide good cause to excuse his failure to serve the defendants within the time allotted under the rules"); *see also Veal*, 84 F. App'x at 256 (3d Cir. 2004) (stating that "failure to read or understand Rule 4 does not excuse [] failure to provide timely service") (citing *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir, 1996)). Thus, as this Court made clear in its August 28, 2013 Order, Petitioner was required to "serve the summons upon Respondent as set forth in Federal Rules of Civil Procedure 4 and 5." (Dkt. No. 2 at 3).

11

### d. Discretion to Extend Time for Service

Even in the absence of good cause, a court "must consider whether any other factors warrant extending time [for service]." *Veal*, 84 F. App'x at 256 (quoting *Petrucelli*, 46 F.3d at 1307) (internal quotation marks omitted)). Such factors include, for example, actual notice of the legal action; prejudice to the defendant—or, in this case, the respondent; the statute of limitations on the underlying cause of action; and whether the plaintiff is represented by counsel. *See Chiang*, 331 F. App'x at 116.

The Court has considered each of these factors and concludes that a brief extension of time within which to perfect service of process is warranted. Specifically, the Court finds that Respondent has had actual notice of this action, as evidenced by the filing of the instant Motion to Dismiss, and therefore would not be prejudiced by an extension of time for service. *See Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988) (holding that a defendant with actual notice of the claims and underlying facts and legal theories "cannot complain of undue prejudice"). The Court also notes that the 90-day statute of limitations underlying this re-determination action has expired; therefore, Petitioner, who appears *pro se*, may be time-barred from re-asserting his claims in the instant petition if an extension of time is not granted. Accordingly, under the circumstances, the Court will exercise its discretion to afford Petitioner additional time to effect proper service of process.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss will be denied. Petitioner will be afforded 30 days from the date of the accompanying Order to amend his petition to name the proper respondent and perfect service of process. Failure to do so—within the time prescribed—

may result in dismissal of this action. An appropriate Order accompanies this Memorandum Opinion.

Date: March 31, 2015               _____/s/_____
                                   WILMA A. LEWIS
                                   Chief Judge