DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| COASTAL AIR TRANSPORT, INC, )<br>)<br>)<br>    Petitioner, )<br>        v. )<br>)<br>MARVIN PICKERING, VIRGIN ISLANDS )<br>BUREAU OF INTERNAL REVENUE, )<br>)<br>)<br>    Respondent. )<br>_____ ) | Civil Action No. 2013-0089 |

**Attorneys:**
**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I.
    *For the Petitioner*

**Raymond T. James, Esq.,**
St. Croix, U.S.V.I.
    *For the Respondent*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

    THIS MATTER comes before the Court on Respondent Virgin Islands Bureau of Internal Revenue's Motion to Dismiss (Dkt. No. 35), and Michael W. Foster's ("Foster") Response thereto (Dkt. No. 39).[1] For the reasons that follow, the Court will deny Respondent's Motion to Dismiss without prejudice, and will afford Coastal Air Transport, Inc. an additional 30 days from the date of this Order within which to amend its Petition to comply with Local Rule of Civil Procedure 71A.1.

---

[1] The Response was initially filed on behalf of Michael W. Foster. (Dkt. No. 39). However, the Court granted Petitioner's motion to substitute Coastal Air Transport, Inc. for Michael Foster as Petitioner in this action on August 31, 2015. (Dkt. No. 50).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

By letter dated May 14, 2013, Respondent, the Virgin Islands Bureau of Internal Revenue ("Respondent"), sent a notice of income tax deficiency to Michael W. Foster, for the 2003–2008 tax years (the "Notice"). (Dkt. No. 1-1).[2] In response to the Notice, Foster, proceeding *pro se*, instituted the instant action against Respondent by filing a "Petition for Re-Determination," wherein he alleged that "a reasonable allowance was not made for expenses," and that he had "requested additional information from [Respondent] as to how their figures were calculated." (Dkt. No. 1). Because Foster had failed to pay the $400.00 filing fee or file a motion to proceed *in forma pauperis* (Dkt. No. 2), the Court issued an Order on September 11, 2013 dismissing this action without prejudice, with leave to reopen for "good cause" shown by September 23, 2013. (Dkt. No. 4).[3]

On September 20, 2013, Foster filed a "Request to Reopen Petition to Review," together with the $400.00 filing fee. (Dkt. No. 6). In his filing, Foster requested that this Court reopen his case based on the following circumstances: (1) the May 14, 2013 notice of deficiency letter from Respondent did not mention the $400.00 filing fee; (2) the District Court Clerk's Office did not mention a deadline for payment of the filing fee;[4] and (3) Respondent had not yet provided additional information regarding its calculations, as requested. (*Id.*).

---

[2] The Notice states that Foster owed $83,532.00 for calendar year 2003; $124,517.00 for calendar year 2004; $138,269.00 for calendar year 2005; $99,326.00 for calendar year 2006; $127,044.00 for calendar year 2007; and $117,403.00 for calendar year 2008. (*See* Dkt. No. 1-1 at 1).

[3] The Order defined "good cause" as "'[a] legally sufficient reason,'" that "reflects 'the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused.'" (Dkt. No. 4 at 2 n.1) (quoting *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 351 (3d Cir. 2011); *Good Cause*, BLACK'S LAW DICTIONARY (9th ed. 2009)).

[4] According to Foster, the District Court Clerk's Office called him on August 29, 2013 advising him of the $400.00 filing fee. (*See* Dkt. No. 6).

By Order entered on October 1, 2013, this Court granted the "Request to Reopen Petition to Review" and reopened the case. (Dkt. No. 7). Later that same day, Respondent filed a Motion to Dismiss, in which it argued that this Court lacks subject matter jurisdiction because Foster did not establish good cause for his failure to timely pay the $400.00 filing fee; that Foster failed to name the proper party as respondent—that is, the Director of the Virgin Islands Bureau of Internal Revenue ("VIBIR"); and that Foster had provided insufficient process and insufficient service of process. (*See* Dkt. No. 9). Respondent moved for dismissal with prejudice. (*See id*.). On March 31, 2015, the Court denied Respondent's motion, and afforded Foster an additional 30 days within which to amend his Petition to name the proper respondent and perfect service of process. (Dkt. Nos. 23, 24).

Foster, subsequently represented by counsel, amended his Petition to name the Director of VIBIR on April 22, 2015. (Dkt. No. 29). Respondent then filed the instant Motion to Dismiss and Memorandum in Support on May 19, 2015, wherein it argues that the Amended Petition fails to comply with Rule 71A.1 of the Local Rules of Civil Procedure, which incorporates Tax Court Rule 34 by reference. (Dkt. No. 36 at 3). Specifically, Respondent contends that the Amended Petition does not contain clear and concise statements of error made by VIBR or clear and concise statements of fact, as required by Tax Court Rule 34(b)(4) and (b)(5). (*Id.* at 3-4). Once again, Respondent seeks dismissal of this action with prejudice. (Dkt. No. 35).

## II.   DISCUSSION

Respondent contends that the Petition for Redetermination fails to comply with the requirements of Local Rule of Civil Procedure 71A.1, and seeks dismissal of the Petition with prejudice. (Dkt. No. 36 at 3). Petitioner requests that if the Court does not deny the Respondent's motion to dismiss, it provide Petitioner with leave to amend in order to bring the Petition into compliance with Rule 71A.1. (Dkt. No. 39 at 3). In support of this alternative relief, Petitioner

notes that the initial Petition was filed *pro se*, as well as the absence of any showing by Respondent that any of the grounds justifying denial of leave to amend are present in this case. (*Id.*).

### A. Failure to State a Claim

#### 1. Applicable Legal Principles

Following *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit described the analysis to be undertaken when presented with a motion to dismiss for failure to state a claim under Rule 12(b)(6):

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (omitting footnote). Accepting all well-pleaded factual allegations as true, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Advanced Rehab., LLC v. UnitedHealthgroup, Inc.*, 498 F. App'x 173, 176 (3d Cir. 2012) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)) (quotations omitted). "A district court may grant the motion to dismiss only if . . . it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Acosta v. Hovensa, LLC*, 53 V.I. 762, 771 (D.V.I. 2010) (citing *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotations and brackets omitted)).

Determining whether the well-pleaded facts plausibly give rise to a claim for relief "is a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Connelly*, 809 F.3d at 786-87 (quoting *Iqbal*, 556 U.S. at 679) (quotations omitted). While the Court must determine whether the facts as pleaded state a plausible claim for relief, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." *Fowler*, 578 F.3d at 213 (quoting *Twombly*, 550 U.S. at 556) (quotations omitted).

### 2. Analysis

Respondent rests its argument for dismissal on Petitioner's alleged failure to comply with Tax Court Rule 34. Respondent alleges that the Petitioner's amended Petition should be dismissed because it fails to identify "errors made by VIBIR and facts Petitioner relies upon for *each* tax year." (Dkt. No. 36 at 4).

Local Rule of Civil Procedure 71A.1(b) governs proceedings to redetermine deficiency in income taxes. The rule incorporates Tax Court Rule 34 by reference, which provides, in pertinent part, that a petition for redetermination shall contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability." Tax Court Rule 34(b)(4). Further, a petition should also contain "[c]lear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner." Tax Court Rule 34(b)(5).

While Petitioner has pointed to a ground upon which it challenges its tax burden—specifically, the allowance for expenses (Dkt. No. 29)—the Court finds that Petitioner's very generalized contention that "a reasonable allowance was not made for expenses" is conclusory.[5]

---

[5] Expenses, which Petitioner alleges were not reasonably taken into account by VIBIR, provide the basis for a deduction. (Dkt. No. 29). "Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to the deductions claimed." *Hill v. C.I.R.*, 100 T.C.M. (CCH) 513 (T.C. 2010), *as amended* (Dec. 22, 2010) (citing *INDOPCO, Inc. v. Commissioner,* 503 U.S. 79, 84 (1992)).

Broad factual allegations, such as "income figures shown are too high, thus tax shown is too high," and "expenses shown are too low" have been held to be insufficient to challenge a deficiency determination, even when filed *pro se*. *Scherping v. C.I.R.*, 747 F.2d 478, 480 (8th Cir. 1984). Petitioners can reasonably be expected to state facts tending to show their allegations of error have merit. *See Funk v. C.I.R.*, 123 T.C. 213, 219 n.5 (2004) ("In an unreported income case . . . a taxpayer can reasonably be expected to state facts tending to show that the taxpayer was unemployed, earned a lower amount of income, or otherwise did not receive the payments reported to respondent by third-party payors.").

Under the standard set forth in *Twombly* and *Iqbal*, conclusory allegations "are not entitled to the assumption of truth." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679). Allegations may be "so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Id.* at 790 (quoting *Peñalbert–Rosa v. Fortuño–Burset,* 631 F.3d 592, 595 (1st Cir. 2011)). Moreover, the Third Circuit has held that "the clearest indication that an allegation is conclusory . . . is that it embodies a legal point." *Id.* That Respondent allegedly did not make "a reasonable allowance" for expenses is both threadbare and conclusory. *Id.* at 789. Without crediting this allegation with an assumption of truth, Petitioner has failed to state a plausible claim for relief in accordance with the dictates of Local Rule of Civil Procedure 71A.1. *Id.*

### B. Leave to Amend

#### 1. Applicable Legal Principles

Federal Rule of Civil Procedure 15 governs amendments to pleadings. Rule 15(a)(2) states that a court "should freely give leave [to amend a complaint] when justice so requires." Fed.R.Civ.P. 15(a)(2); *see Foman v. Davis,* 371 U.S. 178, 182 (1962) (articulating the policy of "freely" granting leave to amend); *Long v. Wilson,* 393 F.3d 390, 400 (3d Cir.2004) ("We have held that motions to amend pleadings should be liberally granted.") (citing Fed.R.Civ.P. 15(a)). A

motion to amend should be denied only when there exists evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment...." *Foman,* 371 U.S. at 182. Absent a justifying reason, it is an abuse of discretion to deny leave to amend. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002).

### 2. Analysis

Although Petitioner has not filed a motion to amend, the Response explicitly requests the opportunity to amend his Petition, and states that the purpose of such leave is to comport with Local Rule of Civil Procedure 71A.1. (Dkt. No. 39 at 3). Where a party fails to file a motion to amend, a filing that makes "clear his desire to amend his petition" is sufficient where it places "the court and all parties on notice of his request to amend his petition." *Bivings v. Wakefield*, 316 F. App'x 177, 181 (3d Cir. 2009) (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180 (10th Cir. 1999)); *Ramsgate Court Townhome Ass'n v. W. Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002) (Any request for leave to amend must give adequate notice to the district court and opposing party of the basis for the proposed amendment before the court is required to recognize the motion.). Such a policy comports "with the strong presumption of the Federal Rules of Civil Procedure favoring decisions on the merits." *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995). Accordingly, the Court construes the request to amend—although made in a filing other than a motion to amend—as a motion for leave to amend. *See Bivings*, 316 F. App'x at 181; *Calderon*, 181 F.3d at 1187.

While Respondent seeks to have the Petition dismissed with prejudice, no basis has been cited for disallowing a request to amend the Petition. Respondent has not made any showing of undue delay, bad faith, futility or dilatory motive by Petitioner. (Dkt. No. 39). Nor has there been

any showing of undue prejudice to Respondent from allowance of an amendment. While the Court has already allowed one opportunity to cure deficiencies in the Petition, a single opportunity to cure deficiencies of a different nature by a *pro se* petitioner does not necessarily rise to the level of "repeated failure to cure deficiencies by amendments previously allowed," as articulated in *Foman v. Davis,* 371 U.S. 178, 182 (1962). The Court finds that it does not rise to that level here.

As Petitioner has presented the Court with a request for leave to amend, and Respondent has not presented any arguments that would justify the denial of such leave, the Court will allow Petitioner a reasonable time to amend the Petition to cure the deficiencies therein.

### III.   CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss will be denied without prejudice. Petitioner will be afforded 30 days from the date of the accompanying Order to amend its Petition to comply with Local Rule of Civil Procedure 71A.1. Failure to do so—within the time prescribed—may result in dismissal of this action.

An appropriate Order accompanies this Memorandum Opinion.

Date: November 18, 2016                    _____/s/_____
                                                               WILMA A. LEWIS
                                                               Chief Judge