**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| COASTAL AIR TRANSPORT, INC., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>VIRGIN ISLANDS BUREAU OF INTERNAL )<br>REVENUE, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 2013-0089 |

**Attorneys:**
**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I.
    *For Petitioner*

**Raymond T. James, Esq.,**
St. Croix, U.S.V.I.
    *For Respondent*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Petitioner Coastal Air Transport, Inc.'s ("Petitioner") "Second Amended Petition for Re-Determination" ("Second Amended Petition") (Dkt. No. 62). For the reasons that follow, the Court will dismiss this case for failure to state a claim upon which relief can be granted.

### I.   BACKGROUND

By letter dated May 14, 2013, the Virgin Islands Bureau of Internal Revenue ("Respondent"), sent a notice of income tax deficiency to Michael W. Foster ("Foster") for the

1

2003-2008 tax years (the "Notice").[1] (Dkt. No. 60 at 2). In response to the Notice, Foster, proceeding *pro se*, instituted this action against Respondent by filing a "Petition for Re-Determination," wherein he alleged that "a reasonable allowance was not made for expenses," and that he had "requested additional information from [Respondent] as to how their figures were calculated." (Dkt. No. 60 at 2).

On September 11, 2013, the case was dismissed without prejudice for failure to pay the filing fee or to file a motion to proceed *in forma pauperis*, with leave to reopen the case for good cause. (Dkt. No. 4 at 2). Although this first petition was not dismissed for failure to state a claim, the Court noted the brevity of Petitioner's one-paragraph petition and identified the applicable Local Rule of Civil Procedure for bringing a petition for re-determination of taxes. (Dkt. No. 2 at 1). Petitioner paid the filing fee and the case was reopened on October 1, 2013. (Dkt. No. 7).

On April 22, 2015, Plaintiff, represented by counsel, filed an Amended Petition for Re-Determination ("Amended Petition"). (Dkt. No. 29). Respondent then filed a Motion to Dismiss and Memorandum in Support on May 19, 2015, wherein it argued that the Amended Petition failed to comply with LRCi 71A.1, which incorporates Tax Court Rule 34 by reference. (Dkt. No. 60 at 3). Specifically, Respondent contended that the Amended Petition contained neither clear and concise statements of error made by Respondent nor clear and concise statements of fact, as required by Tax Court Rules 34(b)(4) and (b)(5). (Dkt. No. 60 at 8).

The Court denied Respondent's Motion to Dismiss without prejudice, and afforded Petitioner an opportunity to amend its Petition to comply with LRCi 71A.1. *Id*. Petitioner then filed its Second Amended Petition. (Dkt. No. 62).

---

[1] The Notice states that Foster owed $83,532.00 for calendar year 2003; $124,517.00 for calendar year 2004; $138,269.00 for calendar year 2005; $99,326.00 for calendar year 2006; $127,044.00 for calendar year 2007; and $117,403.00 for calendar year 2008. (Dkt. No. 1-1 at 1).

## II. APPLICABLE LEGAL PRINCIPLES

Fed. R. Civ. P. 12(b)(6) allows a party to move for dismissal based on "failure to state a claim upon which relief can be granted." The Third Circuit, as articulated in *Connelly v. Lane Const. Corp.*, follows the analysis established by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* when considering a motion under Rule 12(b)(6):

> Under the pleading regime established by *Twombly* and *Iqbal,* a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675, 129 S. Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S. Ct. 1937. *See also Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679, 129 S. Ct. 1937.

*Connelly*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (footnote omitted).

Accepting all "sufficient factual matter" as true, a court must determine whether a complaint states a "'claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)); *see also Advanced Rehab., LLC v. United Health Group, Inc.*, 498 Fed. App'x 173, 176 (3d Cir. 2012). A well-pleaded complaint includes clearly stated claims and facts to support those claims. *Twombly*, 550 U.S. at 555.

Local Rule of Civil Procedure 71A.1(b) governs proceedings to redetermine deficiency in income taxes. The rule incorporates Tax Court Rule 34 by reference, which provides, in pertinent part, that a petition for redetermination shall contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability." Tax Court Rule 34(b)(4). Further, a petition should

also contain "[c]lear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner." Tax Court Rule 34(b)(5).

### III. DISCUSSION

The Court previously found that Petitioner's Amended Petition for Re-Determination was insufficient to withstand a challenge under Rule 12(b)(6) in light of the dictates of Tax Court Rule 34. (Dkt. No. 60 at 6). In so finding, the Court determined that Petitioner's very generalized contention that "a reasonable allowance was not made for expenses" was threadbare and conclusory and failed to state a plausible claim for relief. *Id*. at 5-6. Therefore, the Court allowed Petitioner a reasonable amount of time to amend its Petition for Re-Determination to comply with LRCi 71A.1, and warned Petitioner that failure to do so may result in dismissal of this action. *Id*. at 8.

The Second Amended Petition does not cure the problems the Court found in the Amended Petition. Aside from incorporating the dollar amounts of the disputed tax deficiencies, relocating a few sentences, and adding the conclusory statement that Respondent miscalculated Petitioner's deficiencies—none of which aids Petitioner's cause in achieving compliance with Tax Court Rule 34–the Second Amended Petition is little more than a reproduction of the prior Petitions. (*Compare* Dkt. No. 62 *with* Dkt. No. 1 *and* Dkt. No. 29). Like the Amended Petition, the Second Amended Petition does not offer a clear and concise assignment of any error which Petitioner alleges was committed by the Commissioner. *See* Tax Court Rule 34(b)(4); *Scherping v. C.I.R*., 747 F.2d 478, 480 (8th Cir. 1984). Nor does it identify with any precision the facts upon which the Petitioner relies for the alleged assignments of error. *See* Tax Court Rule 34(b)(5). Thus, the Second Amended Petition does not contain "sufficient factual matter . . . 'to state a claim to relief that is

plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In the absence of clear and concise statements of error and fact, as required by Tax Court Rule 34, Petitioner has again failed to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

### IV.   CONCLUSION

The Court has given Petitioner ample opportunity to address the deficiencies in its pleading. (Dkt. Nos. 2, 24, 60). Having failed to do so, the Court will dismiss this case.

An appropriate Order accompanies this Memorandum Opinion.

Date: May 14, 2020                        _____/s/_____
                                          WILMA A. LEWIS
                                          Chief Judge